1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COHEN MUSIC LAW**
Evan S. Cohen (SBN 119601)
esc@manifesto.com
1482 East Valley Rd. #633
Montecito, CA  93108
(805) 837-0100

**BYRNES HIRSCH P.C.**
Bridget B. Hirsch (SBN 257015)
bridget@byrneshirsch.com
2272 Colorado Blvd., #1152
Los Angeles, CA  90041
(323) 387-3413

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| GRAHAM GOULDMAN, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>HARVEY LISBERG, an individual; MAN-KEN MUSIC, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.: 5:25-cv-3311<br><br>**COMPLAINT FOR**:<br><br>**(1) COPYRIGHT INFRINGMENT; AND**<br>**(2) DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

1

2

3    Plaintiff GRAHAM GOULDMAN alleges as follows:

4

5                                    **I**

6                        **NATURE OF THE ACTION**

7         1.    This is an action brought by Graham Gouldman against Harvey Lisberg

8    and his corporation Man-Ken Music, Inc. for willful copyright infringement.

9    Gouldman is a British songwriter and musician. He is best known as the co-lead

10   singer and bassist of the musical group 10cc. He has been the band's only constant

11   member since its formation in 1972. Before 10cc, in the 1960s, Gouldman worked as

12   a freelance songwriter and wrote many hits for major rock and pop groups, including

13   The Yardbirds ("For Your Love"), The Hollies ("Bus Stop"), and Herman's Hermits

14   ("No Milk Today"). Gouldman also co-wrote hit songs for 10cc, including "I'm Not

15   in Love," "The Things We Do for Love," and "Dreadlock Holiday."

16        2.    Since the first Copyright Act was enacted in 1790, that Act and the

17   several successive copyright statutes have always had a feature which allows a

18   second chance for authors (or their heirs) to reclaim copyrights from unwise grants

19   made by authors early on in their careers, close to the creation of the works. While

20   the particular features of those laws, and the length of the terms and statutory scheme

21   of the terminations involved, have changed and evolved, the strong "second chance"

22   concept has remained. In fact, the very first act, the Copyright Act of 1790, borrowed

23   that concept from the English Statute of Anne, enacted in 1709, the first copyright

24   law. The theme continued in the Copyright Acts of 1831, 1870, and 1909.

25        3.    Likewise, § 304(c) of the Copyright Act of 1976 modified the Act of

26   1909 substantially but continued the "second chance" policy with full force.

27   According to the Congressional Record, the purpose of the statute was to protect

28   authors and their heirs from "the unequal bargaining position of authors" in dealing

with unpublished works, because of "the impossibility of [an author] determining [his or her] work's prior value until it has been exploited." H.R. Rep. No. 94-1476, at 124 (1976). Section 304(c) provides that authors (a term that includes both songwriters and recording artists) may terminate grants of copyright ownership fifty-six (56) years after the copyright was initially secured, generally computed from the date of the copyright registration of those works subject to the grant.

4.      But while the Copyright Act confers upon authors the valuable "second chance" that they so often need, some authors who have attempted to avail themselves of this important protection have encountered not only resistance from many record labels and music publishers, they have often been subjected to the stubborn and unfounded disregard of their rights under the law and, in many instances, willful copyright infringement.

5.      Harvey Lisberg is Gouldman's former personal manager and a music publisher who has wrongfully refused, without any valid reason, to honor Gouldman's timely and valid Notice of Termination for thirteen (13) songs that have reached, and passed, their Effective Dates of Termination. Lisberg, individually, and Lisberg's corporation, have thereby been infringing on Gouldman's United States copyrights for, in the case of nine (9) of the thirteen compositions, almost three years, and with regard to the other four (4) compositions, a shorter but substantial amount of time.

## II

## JURISDICTION

6.      This court has subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, and more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*.

1

2                                    **III**

3                                  **VENUE**

4        7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a

5   substantial part of the events or omissions giving rise to the claim occurred in this

6   district. Venue is also proper in this district pursuant to 28 U.S.C. § 1400(a), in that

7   defendants or their agents, and each of them, "may be found" in this district.

8

9                                    **IV**

10                                **PARTIES**

11       8.      Plaintiff GRAHAM GOULDMAN ("Gouldman") is an individual and

12   citizen of the United Kingdom and resides in the United Kingdom.

13       9.      Defendant HARVEY LISBERG ("Lisberg") is an individual and citizen

14   of the United Kingdom. According to Lisberg's 2023 autobiography, Lisberg resides

15   "50% of the time" in Rancho Mirage, California, and "50% of the time" in the United

16   Kingdom, or words to that effect. For about 50 years, Lisberg conducted business in

17   the United States as the principal of Man-Ken Music Ltd., a corporation that was

18   organized under the laws of the State of New York on November 18, 1965, but which

19   has been dissolved since October 16, 2016 by "Proclamation of Dissolution."

20       10.     MAN-KEN MUSIC, INC. ("Man-Ken") is a corporation organized and

21   existing under the laws of the State of California since February 28, 2024, with its

22   office located at 4250 Wilshire Boulevard, 1st Floor, Los Angeles, California 90010,

23   in this judicial district. Lisberg is listed as the "Chief Executive Officer, Chief

24   Financial Officer, [and] Secretary" of Man-Ken, on a Statement of Information filed

25   with the California Secretary of State on November 14, 2024. Man-Ken also has an

26   exclusive agent, that is, an administrator of its music publishing business, that is

27   located in this district, namely, Wise Music, in Santa Monica, California, also in this

28   district.

11. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of those defendants, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner or capacity for the wrongful conduct alleged herein, and that plaintiff's losses and damages as alleged herein were proximately and/or directly caused by each such defendant's acts.

**V**

**FACTS COMMON TO ALL CLAIMS**

12. Gouldman is a songwriter and a musician who provided musical compositions to several well-known musical groups of the 1960s. From 1964 for the next several years, Gouldman entered into a music publishing arrangement (via written songwriting agreements) with several British music publishing companies that were associated with Lisberg, who became, at or about that time, Gouldman's long-time manager.

13. Lisberg was also the principal of Man-Ken Music Ltd., a corporation organized under the laws of the State of New York in 1965. At or about that time, Man-Ken Music Ltd. became the United States publisher of thirteen (13) compositions that are the subject of this Action (the "Compositions"), all of which were written and composed by Gouldman, and registered in the United States Copyright Office in years 1965 through 1968.

14. The Compositions are: (1) "Heart Full of Soul," registered 5/26/65 (EF0000107968); (2) "Evil Hearted You," registered February 10, 1966 (Eu0000925977); (3) "I'm 28," registered March 28, 1966 (Eu0000931689); (4) "Behind the Door," registered May 19, 1966 (Eu0000939563); (5) "No Milk Today," registered July 7, 1966 (Eu0000952266); (6) "Bus Stop," registered July 8, 1966

(EF0000114864); (7) "Pebbles on the Beach," registered August 11, 1966 (Eu0000962009); (8) "Phone Her Ma," registered August 11, 1966 (Eu0000962010); (9) "East West," registered November 14, 1966 (Eu0000969113); (10) "Skit Skat," registered May 15, 1967 (Eu0000995738); (11) "Tally Man," registered August 15, 1967 (Eu0000010392); (12) Joe, The Ice Cream Man," registered September 8, 1968 (Eu0000072242); and (13) "You Stole My Love," registered September 9, 1968 (Eu0000072990).

15.    Thereafter, Man-Ken Music Ltd. continued to be the United States music publisher of the Compositions for decades. On October 26, 2016, however, the New York Secretary of State dissolved Man-Ken Music Ltd. "by proclamation." After that time, Lisberg continued to use the corporate name as a fictitious business name, and continued to conduct business on his own behalf, and do the acts herein alleged.

16.    On December 28, 2020, Gouldman caused a Notice of Termination (the "Notice") to be served upon Man-Ken Music Ltd., as well as Schubert Music Publishing, Inc., which was, at that time, listed as the administrator of Man-Ken Music Ltd., and Embassy Music, care of Wise Music, a company that was also listed, at that time, as an administrator of Man-Ken Music Ltd. The company names and addresses that were utilized in serving the Notice of Termination was based upon the then-current contact information for the current grantee of the Compositions, pursuant to the ASCAP database. Pursuant to 37 CFR § 201.10(d)(2)-(3), Gouldman relied upon that information. Thereafter, Gouldman caused the Notice to be recorded in the United States Copyright Office, which duly recorded the Notice on November 22, 2021, as Document No. V9982 D170 P1 through P3. A true and correct copy of the Notice is attached hereto as Exhibit A.

17.    The effective date of termination for the first nine of the Compositions listed on the Notice was December 29, 2022. The remaining four Compositions had effective dates of May 16, 2023, August 16, 2023, September 9, 2024, and September

10, 2024, respectively (and the five dates named above shall hereinafter referred to as the "Effective Dates of Termination"). As of the Effective Dates of Termination, Gouldman became the owner of the United States copyright in and to the Compositions.

18.    Lisberg, as an individual, utilizing the name of his dissolved New York corporation, Man-Ken Music Ltd, and, on and after February 28, 2024, his newly formed California corporation, Man-Ken Music, Inc., both had knowledge of the Effective Dates of Termination, but they knowingly and willfully ignored the Effective Dates of Termination for each and every of the thirteen (13) Compositions. Defendants did so by continuing to collect performance royalties from ASCAP and/or BMI that rightfully belonged to Gouldman, and by refusing to relinquish the United States copyright in each of the Compositions to Gouldman, or to Gouldman's designee. Defendants also continued to direct its administrator Wise Music to assert defendants' claim to be the US copyright proprietor of the Compositions, and, in so doing, plaintiff alleges on information and belief that defendants continued to authorize Wise Music to issue licenses as to the United States copyrights, and to collect income from those licenses, which defendants collected and which Gouldman did not collect. All of these acts, on the part of defendants, occurred within the three years prior to the filing of this action.

19.    In August 2024, in order to exercise his rights as the owner of the United States copyrights in and to the Compositions, Gouldman entered into an agreement with Sony Music Publishing, in which Sony agreed to act as Gouldman's administrator for the United States copyrights in and to the Compositions. Sometime before February 2025, Sony became aware that Man-Ken (and its administrator Wise Music) were continuing to maintain ownership and control of the United States copyrights in and to the Compositions.

20.    At the present time, defendants continue to claim ownership and control of all United States copyright interests in and to the Compositions and have interfered

with Gouldman's right to appoint Sony as his United States administrator.

## VI

### FIRST CLAIM FOR RELIEF FOR

### COPYRIGHT INFRINGEMENT

#### (Against Defendants Lisberg and Man-Ken Music Ltd.)

21.    Plaintiffs reallege paragraphs 1 through 20, inclusive, as if fully set forth.

22.    As of the Effective Dates of Termination, Gouldman is the exclusive owner of the United States copyright in and to the Compositions, and under § 106 of the Copyright Act, and Gouldman, or his music publishing administrator (or other designee), has the exclusive right to issue licenses and collect income from any and all exploitation of the Compositions in the United States, including, but not limited to, public performance royalties, synchronization licenses, and mechanical royalties.

23.    Despite having full knowledge that the Effective Dates of Termination have passed, defendants improperly asserted rights in the Compositions, willfully and without any basis whatsoever, continue to exploit the Compositions in complete and willful disregard of the law, and assert that they, and not Gouldman or his publishing administrator Sony, are the rightful publishers.

24.    Within the past  three years, defendants have, therefore, ignored the Effective Dates of Termination and have willfully infringed the Compositions, beginning December 29, 2022 (with regard to the first nine Compositions), in that defendants have continued to exploit the Compositions in the United States after the Effective Dates of Termination, with impunity, and are still exploiting the Compositions as of the filing of this suit.

25.    From the date of the incorporation Man-Ken Music, Inc., Lisberg has controlled and ratified the operation and management of that corporation and has a direct financial interest in it. Lisberg is the moving force behind the infringing activity alleged herein and is personally liable for all such infringement.

26.     Pursuant to 17 U.S.C. § 504(b), Gouldman is entitled to his actual damages, including defendants' gains and profits from infringement of the Compositions, as will be proven at trial. In the alternative, if Gouldman so elects, pursuant to 17 U.S.C. § 504(c), Gouldman is entitled to recover up to $150,000 in statutory damages for each registered Composition infringed, for willful copyright infringement.

27.     Gouldman is also entitled to recover his attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

28.     Gouldman reserves the right to amend this Complaint after full discovery has been completed to supplement this claim with additional acts of infringement.

## VII

## SECOND CLAIM FOR RELIEF FOR

## DECLARATORY RELIEF

### (Against All Defendants)

29.     Plaintiffs reallege paragraphs 1 through 20, and 22 through 28, inclusive, as if fully set forth.

30.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a case of actual controversy within the jurisdiction of this court has arisen and now exists between Gouldman, on the one hand, and defendants Lisberg and Man-Ken, on the other hand, concerning their respective rights and duties, in that Gouldman contends that:

(A)     The Notice of Termination served on December 28, 2020 was valid, because he has complied with all of the requirements of § 304(c), and all of its attendant regulations, and that Gouldman became the copyright owner of the United States copyright of the Compositions on the Effective Dates of Termination; and

(B)     He has the right to transfer and convey administration rights for the

Compositions, for the United States, to Sony Music Publishing (or any other designee), without interference and/or infringement from defendants.

31.    Defendants, on the other hand, contend that Man-Ken is still the copyright proprietor of the Compositions in the United States, for reasons that are not known to plaintiff. In fact, when defendants' administrator, Wise Music, asserted rights over the Compositions, it did not provide any reasons why Gouldman's Notice of Termination was invalid or improper.

32.    Gouldman desires a judicial determination of his rights, and a declaration that defendants' repeated disregard of his rights violates the Copyright Act.

33.    Such a judicial determination of the rights and duties of the parties is necessary at this time, in that defendants have repeatedly denied Gouldman's rights, and defendants have interfered with Gouldman's right to own the United States copyright in and to the Compositions for the post-termination period. By doing these acts in the past, and unless enjoined from engaging in like behavior in present and in the future, defendants will be allowed to keep infringing Gouldman's copyrights, prevent Gouldman from issuing licenses for the Compositions, interfere with Gouldman's right to engage his own administrator, and siphon off and collect Gouldman's rightful income, all in direct contradiction of the strong "second chance" guaranteed by the Copyright Act.

## VIII

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1.    On the First Claim for Relief, pursuant to § 504(b) of the Copyright Act, for all of the gains and profits collected by defendants Lisberg and Man-Ken Music, Inc. (and DOE defendants, if applicable) from the acts of infringement set forth above

and according to proof, in an amount to be proven at trial; or, in the alternative, upon plaintiff's election, for statutory damages for willful copyright infringement against defendants Lisberg and Man-Ken Music, Inc., and other defendants, jointly and severally, in the amount of $150,000 for each of the thirteen (13) registered works infringed, for a total of $1,950,000, pursuant to § 504(c) of the Copyright Act;

2.     For an accounting of all gains, profits, and advantages derived from defendants' acts of infringement and for other violations of law;

3.     For a preliminary and permanent injunction enjoining and restraining all defendants, and each of them, and their respective agents, administrators, attorneys, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, and each of them, from continued denial and disregard of the Notice of Termination served by Gouldman;

4.     On the Second Claim for Relief, for a declaratory judgment that Gouldman is, from each of the Effective Dates of Termination, the lawful and exclusive owner of the United States copyright in and to each of the thirteen (13) Compositions, and that defendants are not;

5.     For costs of suit incurred herein;

6.     For reasonable attorney's fees as part of the costs, pursuant to §505 of the Copyright Act; and

7.     For such other and further relief as the court should deem just and proper.

COHEN MUSIC LAW

Dated:  December 8, 2025                    By:  _/s/ Evan S. Cohen_
                                                  Evan S. Cohen

                                            *Attorneys for Plaintiff*

1

**DEMAND FOR JURY TRIAL**

2

3        Plaintiff hereby demands a jury trial.

4

5                                    COHEN MUSIC LAW

6

7   Dated:  December 8, 2025              By:   */s/ Evan S. Cohen/*
                                                Evan S. Cohen
8

9                                         *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT